UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLARA RAQUEL EPSTEIN, M.D.,**

        **Plaintiff,**

  v.                                          **Case No. 2:10-cv-00895**
                                                   **JUDGE SMITH**
                                                   **Magistrate Judge Abel**

**THE OHIO STATE UNIVERSITY,** *et al.*,

        **Defendants.**

**OPINION AND ORDER**

Plaintiff, Clara Raquel Epstein M.D. ("Dr. Epstein"), brings this action against Defendant The Ohio State University asserting various claims related to her employment.[1] Two of Plaintiff's claims remain pending: wrongful termination – hostile work environment and retaliation. This matter is before the Court on Defendants' Motion to Dismiss for Failure to Prosecute (Doc. 78). For the reasons that follow, the Court **DENIES** Defendants' Motion to Dismiss for Failure to Prosecute.

**I.     BACKGROUND**

Plaintiff Clara Epstein, M.D. initiated this case against Defendants Carole Miller, M.D., John Ogden, M.D., the Ohio State Board of Trustees, the Ohio State College of Medicine, the Ohio State University Medical Center, the Ohio State University Medical Center Services Board, The Ohio State University, and Andrew Thomas, M.D. on June 9, 2010 in Colorado. On July 29, 2010, Defendants filed a motion to Dismiss for Lack of Jurisdiction, or alternatively, to Transfer the case to this Court, which was granted on October 4, 2010.

---

[1] At the time the subject Motion to Dismiss was filed, Defendant The Ohio State University is the only remaining defendant.

On January 3, 2011, Plaintiff filed a Stipulation of Dismissal as to Certain Parties and Claims.  (*See* Doc. 49).  Additionally, Plaintiff filed an Amended Complaint on January 7, 2011.  (*See* Doc. 50).  Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on January 21, 2011.  On August 17, 2011, this Court granted Defendants' Motion to Dismiss, dismissing Counts III, IV, and V of Plaintiff's Amended Complaint.  Additionally, the Court stayed the case pending the outcome of a Court of Claims decision.

On July 16, 2012, Plaintiff filed a notice that she was abandoning her state law claims and requesting that the case be re-opened so that she could pursue Counts I and II of her Amended Complaint.  On September 26, 2012, this Court entered an Order lifting the stay and reopened the case. On the same day, Defendant The Ohio State University filed a Motion to Dismiss for Failure to Prosecute.

## II.   STANDARD OF REVIEW

The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute or comply with rules or court orders is expressly recognized in Rule 41(b), which provides in pertinent part: "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.,* 370 U.S. 626, 629–31 (1962).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T,* 176 F.3d 359, 63 (6th Cir. 1999). Furthermore, "it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren,* 302 F. App'x. 371, 375 n. 1 (6th Cir. 2008).

The United States Court of Appeals for the Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept*., 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III. DISCUSSION

Defendant The Ohio State University has moved to dismiss this case for failure to prosecute. In support of the Motion, Defendant asserts that "Plaintiff's filings about her health and her counsel's desire to withdraw indicate that she is not inclined to proceed at this time." (Def.'s Mot. at 2). Plaintiff does note that as a result of her medical condition, she was unable to continue her search for local counsel to pursue her state law claims. But as a result, she has decided not to pursue those claims. Further, Plaintiff's counsel represents that he only sought to withdraw so that she could secure local counsel.

Defendant further argues that the delays in this case have made litigating it far more burdensome and expensive. One example given is that some doctors who peer-reviewed Plaintiff have moved to other states or have taken new jobs, which will make taking depositions timely and expensive. Plaintiff, however, argues that Defendant has had the names of Plaintiff's

witnesses for over 18 months, during which time Defendant could have interviewed the witnesses and conducted depositions.

In analyzing the aforementioned factors, none weigh in favor of dismissal at this time. Dismissal of a claim for failure to prosecute is a harsh sanction which should only be imposed in extreme situations in which the plaintiff has exhibited willful conduct which clearly demonstrates resistance or disobedience of court orders. *Schafer v. City of Defiance Police Department*, 529 F.3d 731 (6th Cir. 2008) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Though this case is one of the Court's older pending cases, the delays are not the result of bad faith or willful misconduct by the Plaintiff. Therefore, Defendant's Motion to Dismiss is **DENIED**. There is an existing Scheduling Order in place that the Court expects all parties to follow. In an effort to see that this case proceeds in a timely fashion, no extensions of the current Scheduling Order will be permitted.

## IV. DISPOSITION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 78).

The Clerk shall remove Document 78 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                        */s/ George C. Smith*
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**